NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3434
_____

UNITED STATES OF AMERICA

v.

CESAR CASTRO
a/k/a Santos Gonzalez


CESAR CASTRO,
                          Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-08-cr-00478-001)
District Judge:  Honorable James Knoll Gardner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 16, 2010

Before:  AMBRO, FISHER and WEIS, *Circuit Judges*.

(Filed: December 7, 2010 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

        Appellant Cesar Castro was convicted of one count of aggravated unlawful reentry

after deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).  Castro now appeals

from the judgment and conviction entered by the District Court.  For the reasons stated below, we will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case.  Therefore, we will set forth only those facts necessary to our analysis.

On or about April 1985, Castro, a native citizen of the Dominican Republic, acquired an immigrant visa and subsequently became a lawful permanent resident of the United States.  On March 29, 1990, Castro was convicted in the Circuit Court for Baltimore City, Maryland, for conspiring to distribute cocaine, a felony.  For this offense, Castro was sentenced to a suspended five-year term of imprisonment and five years of probation.  As a result of this conviction, formal removal proceedings began and, on or about May 17, 1990, an order to deport Castro from the United States back to the Dominican Republic was entered.  On June 14, 1990, Castro was deported to the Dominican Republic.

In March 2008, Castro was discovered living in Allentown, Pennsylvania. However, Castro had neither applied for nor received written approval, as required, before reentering the United States.  Additionally, during interviews with ICE agents in March and July of 2008, Castro misidentified himself as Santos Gonzales and stated that

2

he was from Puerto Rico.[1]  After a fingerprint comparison and analysis, ICE agents

confirmed that his true identity was Cesar Castro.

On August 14, 2008, in the United States District Court for the Eastern District of

Pennsylvania, a grand jury returned an indictment charging Castro with one count of

aggravated unlawful reentry after deportation, in violation of 18 U.S.C. §§ 1326(a) and

(b)(2).  A jury trial was held resulting in a guilty verdict.  On August 11, 2009, the

District Court sentenced Castro to thirty-seven months' imprisonment followed by three

years' supervised release, a fine of $300, and a special assessment of $100.  On August

18, 2009, Castro filed a timely notice of appeal.

On appeal, Castro claims that the District Court abused its discretion by allowing

the government to introduce evidence of his 2007 simple assault conviction at his trial.

The government contends that the conviction was properly introduced as impeachment

evidence.

## II.

The District Court exercised subject matter jurisdiction pursuant to 18 U.S.C.

§ 3231.  We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  We review the

District Court's decision regarding the admissibility of evidence for abuse of discretion.

*United States v. Gilmore*, 553 F.3d 266, 271 (3d Cir. 2009) (citing *United States v.*

*Mornan*, 413 F.3d 372, 377 (3d Cir. 2005)).  To prove an abuse of discretion, a party

---

[1] Castro also used the alias Santos Gonzales when he was arrested and convicted in 2007 for simple assault.

"must show the district court's action was 'arbitrary, fanciful[,] or clearly unreasonable.'"

*Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 412 (3d Cir. 2002) (quoting *Stich v. United States*, 730 F.2d 115, 118 (3d Cir. 1984)).

### III.

On appeal, Castro claims that the District Court should not have admitted his 2007 conviction for simple assault.[2] Castro contends that the assault conviction did not contradict any specific fact to which he testified, and therefore, was not admissible for impeachment purposes. Furthermore, Castro argues that admission of the conviction portrayed him as a "violent career criminal," resulted in undue prejudice, and misled the jury. In response, the government asserts that admission of the assault conviction was proper impeachment by contradiction as is permitted under Rule 607 of the Federal Rules of Evidence. Additionally, the government argues that the probative value of the 2007 simple assault conviction was not substantially outweighed by the danger of unfair prejudice and is thus admissible under Rule 403 of the Federal Rules of Evidence.

---

[2] In his brief, Castro also contends that the assault conviction was not admissible under Rule 609(a)(1) of the Federal Rules of Evidence because it was not punishable by more than one year of imprisonment. However, inadmissibility of the assault conviction under Rule 609(a)(1) is not at issue. As this Court has previously expressed, "Rule 609 controls the use of prior felony convictions to impeach a witness's general character for truthfulness, but impeachment by contradiction concerns the use of evidence to impeach a witness' specific testimony." *Gilmore*, 553 F.3d 266, 272 (citations omitted). In this case, the assault conviction was introduced to impeach the specific testimony of Castro under Rules 607 and 403. Therefore, we will not address Castro's Rule 609(a)(1) argument.

4

According to Rule 607, "[t]he credibility of a witness may be attacked by any party, including the party calling the witness." Fed. R. Evid. 607. Indeed, "Rule 607 of the Federal Rules of Evidence authorizes impeachment by contradiction, and Rule 403 governs its application."[3] *Gilmore*, 553 F.3d at 271 (citing *United States v. Greenidge*, 495 F.3d 85, 99 (3d Cir. 2007)). Previously, we have explained that "[i]mpeachment by contradiction is a means of policing the defendant's obligations to speak the truth in response to proper questions." *Id.* (citations and internal quotations omitted). Therefore, "[w]here a defendant testifies on direct examination regarding a specific fact, the prosecution may prove on cross-examination that the defendant lied as to that fact." *Id.* (citations and internal quotations omitted).

Castro's contention that the 2007 simple assault conviction is not admissible for impeachment purposes because it does not contradict any specific fact to which he testified is without merit. During his testimony at trial, Castro referred to his 1990 conviction for conspiring to sell cocaine and described it as "an agreement that was reached. They did not find me guilty. There was no trial. That was *the only error in my life*, that I was in the wrong place at the wrong time." (App. 356) (emphasis added). The District Court determined that this testimony was tantamount to Castro testifying that the 1990 conviction was his sole conviction. Because this testimony was not truthful, the District Court concluded the 2007 simple assault conviction was admissible as evidence

---

[3] Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion

to impeach Castro's testimony.  In this case, evidence of the 2007 simple assault conviction contradicted a specific fact Castro testified about – that the 1990 conviction for conspiring to sell cocaine was his only violation of law.  Therefore, the District Court did not abuse its discretion.

Next, Castro argues that the 2007 assault conviction is inadmissible under Rule 403.  This argument also fails.  He asserts that the probative value of the 2007 conviction was substantially outweighed by the dangers of unfair prejudice and misleading the jury.  Specifically, Castro claims that the jury was misled by the government's portrayal of him as a "violent career criminal" and the District Court's failure to give a limiting instruction regarding the 2007 conviction.  Castro alleges that this resulted in undue prejudice.  We note that "'[i]f judicial restraint is ever desirable, it is when a Rule 403 analysis of a trial court is reviewed by an appellate tribunal.'"  *United States v. Balter*, 91 F.3d 427, 442 (3d Cir. 1996) (quoting *United States v. Scarfo*, 850 F.2d 1015, 1019 (3d Cir. 1988), *cert. denied*, 488 U.S. 910 (1988)).  "Rule 403 is a balancing test, and '[l]ike any balancing test, the Rule 403 standard is inexact, requiring sensitivity on the part of the trial court to the subtleties of the particular situation, and considerable deference on the part of the reviewing court to the hands-on judgment of the trial judge.'"  *United States v. Vosburgh*, 602 F.3d 512, 537 (3d Cir. 2010) (quoting *United States v. Guerrero*, 803 F.2d 783, 785 (3d Cir. 1986)).

---

or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

Here, the District Court performed a Rule 403 analysis and found the probative value of allowing the government to introduce the conviction outweighed the prejudicial effect. First, the District Court weighed the probative value and explained that if the conviction was not admissible, then Castro would be able to lie to the jury without repercussions. Second, the District Court examined the prejudicial effect and concluded that it was minimal because Castro had already admitted to one conviction and to a sentence of three years' probation.

Addressing his contention that he was portrayed as a "violent career criminal," Castro fails to cite any instance in the record where the government referred to or characterized him as a "violent career criminal." Finally, the District Court's decision not to include a specific limiting instruction was reasonable under the circumstances because Castro never requested a limiting instruction. The District Court's Rule 403 analysis regarding the admissibility of the 2007 simple assault conviction was reasonable. Therefore, the District Court did not abuse its discretion.

We thus conclude that the District Court did not abuse its discretion by allowing the government to impeach Castro with his 2007 conviction for simple assault.

## IV.

For the forgoing reasons, we will affirm the judgment and conviction of the District Court.